## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jennifer Marie Louden,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

_____

Case No. 5:21-cv-10027-JEL-JJCG
District Judge Judith E. Levy
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Jennifer Marie Louden seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Louden's application for disability insurance benefits under the Social Security Act. Louden filed a motion for summary judgment (ECF No. 17), the Commissioner filed a response and cross-motion for summary judgment (ECF No. 23). Louden did not reply.

For the following reasons, the Court **RECOMMENDS** that Louden's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

The Court further **WARNS** Patrick M. Carmody, Jr. that future substandard filings before this Court will result in a recommendation of referral to the (1) Chief Judge pursuant to Eastern District of Michigan Local Rule 83.22(c)(3) to determine whether disciplinary proceedings under Local Rule 83.22(e) should be instituted and (2) Michigan Attorney Grievance Commission for investigation.

## I.     Background

### A. Procedural History

On August 23, 2018,[1] Louden filed a Title II application for a period of disability and disability insurance benefits. (Tr. 187.[2]) In her application, the claimant alleged that her disability began on May 20, 2018. *Id.* On December 17, 2018, her application was denied. (Tr. 100–07). Louden requested a hearing, and on March 4, 2020, she appeared with counsel before Administrative Law Judge James J. Kent ("ALJ"), who reviewed the case *de novo*. (Tr. 108, 156.) In an April 21, 2020 decision, the ALJ found that Louden was not disabled. (Tr. 15–27). The ALJ's decision became final when the Appeals Council denied review on November 6, 2020. (Tr. 1–3; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543–44 (6th Cir. 2004)).

---

[1] The application reflects August 23, 2018 as the application for benefits date (Tr. 187), although the ALJ refers to a July 17, 2018 application date (Tr. 15).
[2] The administrative record appears on the docket at ECF No. 13. All references to it are identified as "Tr."

2

## B. The ALJ's Application of the Disability Framework

Under the Social Security Act, disability insurance benefits and supplemental security income are available only for those who have a "disability." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (definition used in the disability insurance benefits context); *see also* 20 C.F.R. § 416.905(a) (definition used in the social security income context).

The Commissioner determines whether a claimant is disabled through a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. First, if the claimant is engaged in significant gainful activity, no disability will be found. Second, if the claimant does not have a severe impairment or combination of severe impairments for a continuous period of at least 12 months, no disability will be found. Third, if the claimant's severe impairment meets or equals one of the impairments listed in the regulations, the claimant will be found disabled. Fourth, if the claimant can perform their past relevant work or has residual functional capacity ("RFC"), no disability will be found. Fifth, even if the claimant is unable to perform their past relevant work, benefits are denied if the claimant can adjust to other work in view

3

of their age, education, and work experience. If the Commissioner "makes a dispositive finding at any point in the five-step process," the evaluation will not proceed to the next step. *Colvin*, 475 F.3d at 730.

The claimant bears the burden of proof through step four, in which they must show "the existence and severity of limitations caused by [their] impairments and the fact that [they] are precluded from performing [their] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner in which the Commissioner must show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [their] RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Louden, born on September 18, 1979, was 38 years old on the alleged disability onset date. (Tr. 187.) She has a tenth-grade education and past relevant work as a sales promotion representative. (Tr. 213, 26.)

The ALJ applied the five-step disability analysis and found at step one that Louden had not engaged in substantial gainful activity since the alleged onset date of May 20, 2018. (Tr. 18.) At step two, the ALJ found that Louden had the following severe impairments: cervical spine degenerative disc disease, status post fusion; left shoulder subacromial bursitis and rotator cuff tendonitis, status-post left rotator cuff surgery, and sensorimotor median mononeuropathy at the bilateral

4

wrists. *Id.* At step three, the ALJ found no evidence that Louden's impairments met or medically equaled one of the listings in the regulations. (Tr. 19.) Next, the ALJ determined that Louden has the RFC to perform light work with certain limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb stairs and she has no limits on the rest of the postural activities. She is limited frequent overhead reaching on the left (non-dominant arm).

(Tr. 20.) At step four, the ALJ denied Louden benefits, finding that Louden can perform past relevant work as a sales promotion representative and that this work does not require the performance of work-related activities precluded by Louden's RFC. (Tr. 26.) The ALJ further found, in the alternative, that there are jobs in significant numbers in the national economy that Louden can perform. (Tr. 26.)

## II.    Discussion

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final administrative decision. The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotations omitted). Substantial

evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. In determining whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *see also Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

If the Commissioner's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). The substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Moreover, the ALJ is not required to discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

The Court's review is limited to an examination of the record. *Bass*, 499 F.3d at 512–13. The Court "may look to any evidence in the record, regardless of

6

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted).

## B. Analysis

Before deciding the merits of Louden's claim, the Court addresses the brief filed by Patrick M. Carmody, Jr, Louden's attorney. In his brief, Carmody continued his pattern of writing a threadbare analysis, containing generalized statements with no meaningful application of the facts or law. Here, as with many of his briefs in other cases, Carmody spends most of his 32-page brief summarizing the hearing before the ALJ. (ECF No. 17.) In his 3.5-page analysis section, Carmody vaguely states, without argument, that the ALJ minimized Louden's physical impairments and that the individuals who worked with Louden believe that her mental impairments prevent her from working. (ECF No. 17.) The Court thus agrees with the Commissioner that Carmody severely failed to develop arguments in support of Louden's position.

Several judges in the Eastern District of Michigan have found that Carmody submitted ill-developed arguments on behalf of his Social Security clients.[3] *E.g.*,

---

[3] The Court also takes notice of other cases in which judges found Carmody's arguments to be waivable for being underdeveloped: *Dipippo-Bradley v. Comm'r of Soc. Sec.*, No. CV 14-13167, 2016 WL 1267577 (E.D. Mich. Feb. 25, 2016), *report and recommendation adopted*, No. 2:14-CV-13167, 2016 WL 1259151 (E.D. Mich. Mar. 31, 2016); *Smith v. Comm'r of Soc. Sec.*, No. 2:17-CV-13367, 2018 WL 7364646 (E.D. Mich. Oct. 26, 2018), *report and recommendation adopted*, No. 17-13367, 2019 WL 700096 (E.D. Mich. Feb. 20, 2019); *Frazier v. Saul*, No. CV 20-10321, 2020 WL 7338562 (E.D. Mich. Dec. 14, 2020); *McAllister v. Comm'r of Soc. Sec.*, No. CV 19-13587, 2021 WL 646195 (E.D. Mich. Feb. 1, 2021), *report and recommendation*

*Swank*, 2020 WL 1139717, at *4 ("[Carmody's] fairly non-specific and underdeveloped arguments are inadequate to demonstrate that reversible error has occurred. The 'Argument' portion of [Carmody's] twenty-five-page brief spans only two pages and primarily consists of perfunctory, over-generalized arguments and citations to law without any meaningful attempt at factual or legal analysis or citations to the record evidence."); *Getz v. Comm'r of Soc. Sec.*, No. CV 18-11625, 2019 WL 2710053, at *2 (E.D. Mich. June 10, 2019), *report and recommendation adopted*, No. 2:18-CV-11625, 2019 WL 2647260 (E.D. Mich. June 27, 2019) ("[T]here is no meaningful attempt to apply the recited legal standards to the facts of this case."); *Hayes v. Comm'r of Soc. Sec.*, No. 11-14596, 2013 WL 766180, at *7 (E.D. Mich. Feb. 4, 2013), *report and recommendation adopted*, No. 11-14596-DT, 2013 WL 773017 (E.D. Mich. Feb. 28, 2013) ("The undersigned concludes that [Carmody's] argument . . . is so undeveloped that it cannot be considered.").

---

*adopted*, No. 19-CV-13587, 2021 WL 634630 (E.D. Mich. Feb. 18, 2021); *Fountain v. Comm'r of Soc. Sec.*, No. 2:20-CV-11300, 2021 WL 3260075 (E.D. Mich. July 8, 2021), *report and recommendation adopted*, No. 20-CV-11300, 2021 WL 3207040 (E.D. Mich. July 29, 2021); *Abadi v. Saul*, No. 20-11560, 2021 WL 4270370 (E.D. Mich. July 16, 2021), *report and recommendation adopted*, No. 20-11560, 2021 WL 4264748 (E.D. Mich. Sept. 20, 2021); *Staples v. Comm'r of Soc. Sec.*, No. 2:20-CV-11629, 2021 WL 3852744 (E.D. Mich. Aug. 9, 2021), *report and recommendation adopted*, No. CV 20-11629, 2021 WL 3847760 (E.D. Mich. Aug. 27, 2021); *Carter v. Comm'r of Soc. Sec.*, No. 20-CV-12802, 2022 WL 332788 (E.D. Mich. Jan. 18, 2022), *report and recommendation adopted*, No. 2:20-CV-12802, 2022 WL 332772 (E.D. Mich. Feb. 3, 2022); *Bodnovits v. Comm'r of Soc. Sec.*, No. 20-12854, 2022 WL 468957 (E.D. Mich. Jan. 27, 2022), *report and recommendation adopted*, No. 20-12854, 2022 WL 469079 (E.D. Mich. Feb. 15, 2022). Finally, the Court also notes that Carmody failed to file a timely motion for summary judgment on behalf of Louden (ECF No. 18), and, in response to the Court's order to show cause, Carmody stated that he "mistakenly failed to read" the Court's order (ECF No. 19).

More than once, judges in the Eastern District of Michigan have warned Carmody that his conduct is sanctionable. *Aun v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-11143, 2020 WL 5223323, at *5 (E.D. Mich. Aug. 3, 2020), *report and recommendation adopted*, No. 19-CV-11143, 2020 WL 5209366 (E.D. Mich. Aug. 31, 2020) ("Plaintiff's counsel is hereby warned that such perfunctory efforts . . . do not show proper respect for judicial economy or the needs of the client, and may result in sanctions or disciplinary action by the Court if substantial improvement is not shown in the future."); *see also Getz*, 2019 WL 2710053, at *3 ("The Court warns Getz's counsel that his failure to cite evidence on his client's behalf is sanctionable and could lead to a referral to Michigan Attorney Grievance Commission for investigation.").

After repeated criticism for conclusory assertions and underdeveloped arguments, attorneys in this district have been sanctioned, referred to the Chief Judge to determine whether disciplinary proceedings should be instituted, and referred to the Michigan Attorney Grievance Commission for investigation. *E.g.*, *Cason v. Comm'r of Soc. Sec.*, No. 15-12661, 2016 WL 4546872, at *1 (E.D. Mich. Sept. 1, 2016) (referring plaintiff's counsel to the Chief Judge and Michigan Attorney Grievance Commission); *Swadling v. Comm'r of Soc. Sec.*, No. 14-10251, 2015 WL 1511048, at *1 (E.D. Mich. Mar. 24, 2015) (imposing $7,500 in sanctions against plaintiff's counsel and referring plaintiff's counsel to the

Michigan Attorney Grievance Commission). Like the attorneys in those cases, Carmody continually chooses not to heed judges' warnings to improve his work product. Carmody again filed a substandard brief for his client. Accordingly, Carmody could be referred to the (1) Chief Judge pursuant to Eastern District of Michigan Local Rule 83.22(c)(3) to determine whether disciplinary proceedings under Local Rule 83.22(e) should be instituted and (2) Michigan Attorney Grievance Commission for investigation. However, given that Carmody has never previously received a warning from the undersigned, the foregoing constitutes the **first and only** warning that Carmody will receive regarding unprofessional and substandard briefing. Any future filings by Mr. Carmody with the same defects **will result** in the above-described referrals to the Chief Judge and the Michigan Attorney Grievance Commission.

Moreover, the Sixth Circuit states that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation omitted). Additionally, the Court is "under no obligation to scour the record for evidence to develop, support, or confirm" a plaintiff's arguments, and it will not do so here, particularly where she is represented by counsel. *Swank v. Comm'r of Soc. Sec.*, No. 18-13353, 2020 WL

10

1139717, at *5 (E.D. Mich. Mar. 9, 2020) (citations omitted).

Accordingly, Louden's arguments are deemed waived. However, when Social Security attorneys fail to develop arguments on their clients' behalf, the Court is "loath to simply reject claims and prejudice claimants with potentially meritorious claims." *Cason v. Colvin,* No. CV 15-12661, 2016 WL 6653019, at *3 (E.D. Mich. Aug. 9, 2016), *report and recommendation adopted*, No. 15-12661, 2016 WL 4546872 (E.D. Mich. Sept. 1, 2016). The Court therefore reviewed the record and finds that the ALJ made no reversible error.

### 1.   Physical Impairments

The Sixth Circuit states that "[a] claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record." *Harley v. Comm'r of Soc. Sec.*, 485 Fed. Appx. 802, 804 (6th Cir. 2012) (citation omitted). Pursuant to Social Security Ruling ("SSR") 16-3p, an ALJ must analyze the consistency of the claimant's statements with objective medical and other evidence in the claimant's record. SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); 20 C.F.R. § 404.1529(a). To evaluate a claimant's subjective symptoms, ALJs must follow a two-step process. *Id.*

The ALJ must first confirm whether there is objective medical evidence of the underlying condition from an acceptable medical source. *Id.* If there is, the ALJ examines the intensity and persistence of the claimant's symptoms and determines

the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.*

In doing so, the ALJ must consider certain factors, including: (1) daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication; (5) treatment, other than medication, received; (6) any measures used to relieve symptoms; and (7) other factors concerning a claimant's functional limitations due to symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). Additionally, an ALJ is "not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d at 475.

In assessing Louden's subjective complaints, the ALJ discussed Louden's hearing testimony, function report dated September 14, 2018, and numerous medical records. (Tr. 20–25.) The ALJ found that the claimant has physical impairments that would reasonably result in some limitations. (Tr. 21.) However, the ALJ concluded that, considering all the evidence, the objective medical evidence did not support Louden's allegations regarding the severity of her symptoms or functional limitation. (Tr. 20–21.) The ALJ highlighted Louden's testimony that she has difficulty with lifting more than ten pounds due to her neck pain, walking more than 15 to 20 minutes, sitting longer than 30 minutes, and

12

lifting her left arm. (Tr. 20, 45.) Louden also alleged disability due to headaches.

(Tr. 20, 212.) Louden also testified that she can pick up and transfer small objects

with both hands. (Tr. 46–47.)

With respect to hand limitations, the ALJ points out that in the September

14, 2018 function report, Louden wrote that she has difficulty using her hands. (Tr.

21, 235.) He also discusses a December 1, 2018 medical report that stated that

Louden can occasionally lift 15 pounds and has "full dexterity bilaterally." (Tr.

332.)

With respect to the alleged neck pain and left arm limitations, the ALJ

assesses several medical reports. A July 17, 2018 medical report noted no

abnormalities of the neck or back after a physical exam and found a "normal range

of motion" and no tenderness. (Tr. 321–322.) A December 1, 2018 medical report

stated that Louden successfully completed all shoulder and cervical spine tasks

without difficulty, noting a limited range of motion in the left shoulder. (Tr. 332–

33.) Additionally, an October 11, 2019 medical report recommended physical

therapy (Tr. 380) and a January 24, 2020 medical report recommended shoulder

exercises (Tr. 380), which the ALJ identified as conservative treatments (Tr. 22).

In February 2020, Louden discontinued physical therapy after an initial evaluation

to pursue surgery. (Tr. 343.)

13

With respect to headaches, the ALJ discussed a December 1, 2018 medical report that noted the (1) frequency of Louden's headaches as being three times weekly and (2) physician's recommended treatment of Tylenol. (Tr. 332.)

Pursuant to 20 C.F.R. § 404.1520c(a), the ALJ analysis of medical opinions must contain "sufficiently detailed articulation" of application of those factors in which the ALJ must "show [their] work, i.e., to explain in detail *how the factors actually were applied* . . . to each medical source. *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021) (finding that the ALJ failed to discuss the supportability and consistency factors). Here, the ALJ considered the supportability and consistency of each opinion in accordance with 20 C.F.R. § 404.1520c(a), explicitly mentioning the factors and citing to the medical record. (Tr. 24–25.) The ALJ appropriately relied on an opinion by Dr. Myung Ho Hahn, state agency consultant, who opined that Louden can complete light work, including standing for a total of six hours in an eight-hour workday and lifting ten to twenty pounds. (Tr. 76) The ALJ found Dr. Myung Ho Hahn's opinion persuasive because it was supported with imaging results, orthopedic exam findings, provider notes, and other medical evidence. (Tr. 25.)

Ultimately, the ALJ found that the medical findings support some physical limitations but do not preclude light work. (Tr. 22.) In reaching this conclusion, the ALJ discussed several factors in accordance with the Social Security regulations.

14

He outlines Louden's daily activities, stating that Louden handles personal tasks,

performs chores, drives, shops, and uses a computer. (Tr. 24.) He concludes that

these activities require a degree of movement and use of hands, indicating that

Louden has a greater degree of function than she alleged. *Id.* As discussed above,

the ALJ thoroughly discussed: (1) the location of Louden's pain, including

shoulder, neck, back, hands, and head; (2) the treatments, including physical

therapy and medical evaluations; and (3) the medical opinions.

Moreover, courts reject a claimant's RFC challenge when they fail to

"specify any additional work-related functional limitations the ALJ should have,

but did not, include in the RFC assessment resulting from his . . . impairments."

*Turvey v. Comm'r of Soc. Sec.*, No. 12-12388, 2013 WL 3271194, at *5 (E.D.

Mich. May 31, 2013), *report and recommendation adopted*, No. 12-12388, 2013

WL 3271194, at *5 (E.D. Mich. June 27, 2013); *see also Kaufman v. Comm'r of

Soc. Sec.*, No. 19-12904, 2020 WL 7701020, at *17 (E.D. Mich. Sept. 1, 2020),

*report and recommendation adopted*, No. 19-12904, 2020 WL 7073169 (E.D.

Mich. Dec. 3, 2020) (finding that the plaintiff did not meet his burden to prove he

has a more restrictive RFC after arguing that the RFC determination lacked

"logical connection."). Here, Louden never states that the ALJ erred with respect to

the RFC, nor does she specify which limitations the ALJ should have included in

the RFC. Additionally, as the ALJ notes, no physician opined that Louden's physical limitations were greater than was provided in the light RFC. (Tr. 23.)

Accordingly, substantial evidence supports the ALJ's determination with respect to physical impairments.

### 2. Mental Impairments

#### a. The ALJ's Step Two Assessment

The ALJ found the mental impairments of anxiety, depression, and post-traumatic stress disorder to be non-severe in the four functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (Tr. 18–19; 20 C.F.R. § Pt. 404, Subpt. P, App. 1.) In making these findings, the ALJ discussed Louden's hearing testimony, function report dated September 14, 2018, and several medical records. The ALJ then appropriately considered Louden's non-severe mental impairments in his RFC assessment.

The ALJ assessed Louden's testimony where Louden stated that (1) she could read, write, do simple math problems, and follow directions (Tr. 18, 39, 49); (2) trauma made focusing and getting out of bed difficult (Tr. 19, 57); (3) and she has difficulty being around others (Tr. 19, 58).

With respect to the first, third, and fourth functional areas, the ALJ discussed the record thoroughly, including the following medical evidence. In the September

16

14, 2018 function report, Louden reported that she experiences no problems

managing personal finances, following instructions, remembering, or

understanding. (Tr. 18–19, 233–235.) A September 5, 2019 psychiatric evaluation

found Louden to have intact executive function, attention, and recall. (Tr. 18–19,

396.) The same evaluator noted on two occasions that Louden demonstrated

improving insight with fair to good judgment. (Tr. 391, 396.) Finally, the ALJ

noted Louden's ability to maintain full sobriety as of May 2019. (Tr. 19, 394.)

With respect to interacting with others, the ALJ discussed medical records,

as well as the September 14, 2018 function report in which Louden reported that

she has no difficulty getting along with others. (Tr. 19, 235.) A November 6, 2019

evaluation noted that Louden was pleasant, cooperative, and engaged appropriately

with conversation. (Tr. 354.) The ALJ also considered a June 13, 2019 psychiatric

evaluation that stated Louden was "cooperative, pleasant, and engaged." (Tr. 19,

396.) The record further indicates that Louden was cooperative and pleasant at

numerous other physical and mental examinations. (Tr. 322, 333, 351, 357, 361,

365, 375, 378–79, 391, 393–394.)

### b.  The ALJ's RFC Assessment

An "erroneous finding of nonseverity at step two is therefore harmless where

the ALJ properly considers nonsevere impairments at later steps." *Emard v.*

*Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020). Here, even if the ALJ

erred in finding the mental impairments to be non-severe, there is no reversible

error because the ALJ thoroughly considered the mental impairment in his RFC

assessment. In this assessment, the ALJ discussed Louden's testimony, psychiatric

evaluations and treatments, history of polysubstance abuse, sobriety achievement

as of May 20, 2019, and medical opinions. (Tr. 20–22.)

The ALJ acknowledged Louden's testimony in which Louden stated that she

has anxiety, depression, and post-traumatic stress disorder and that she has been

sober since May 20, 2019. (Tr. 20, 47–48.)

With respect to medical records, the ALJ highlighted a December 12, 2019

psychiatric evaluation in which Louden reported that she was "doing well,"

remained committed to her sobriety, and found her medication and therapy to be

effective. (Tr. 21, 398.) The ALJ noted that this report did not vary much from

previous evaluations. (Tr. 21, 395–396.)

With respect to medical opinions, the ALJ addressed the opinions of Carol

Auiler and Courtney Hacker . Auiler, Louden's therapist, opined that a length of

treatment for Louden could not be determined because of Louden's mental and

physical impairments. (Tr. 342.) The ALJ found Auiler's opinion to be

unpersuasive because Auiler (1) opined on physical impairments, which is an area

outside of her expertise and (2) could not determine the length of mental health

treatment required. (Tr. 22, 342.) Since Auiler did not find that Louden required

18

therapy for longer than 12 months, the ALJ found Louden's mental limitations to be non-severe. (Tr. 22.)

Additionally, Hacker, Louden's psychiatrist, opined that Louden is unable to maintain a full-time job because it would risk relapse. (Tr. 24, 337.) The ALJ found Hacker's opinion to be unpersuasive and inconsistent with the evidence. (Tr. 24.) First, as the ALJ notes, Hacker did not provide objective support for the limitations, and the medical records are inconsistent with Hacker's conclusion. (Tr. 24.) The ALJ cites a March 19, 2020 treatment report and letter from Megan Sanford, Louden's group therapist, who indicates that Louden participates in weekly outpatient group therapy, two 12-step meetings weekly, and had a negative drug screening in February 2020. (Tr. 24, 399–401.) Second, 20 C.F.R. § Pt. 404 reserves decisions or statements on a claimant's ability to perform regular work to the ALJ. 20 C.F.R. § 404.1520b(c)(3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("[T]he conclusion of disability is reserved to the Secretary."). Moreover, Auiler's statement did not address functional limitations.

Substantial evidence supports the ALJ's assessment of Louden's mental impairments.

### III.   Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that Louden's motion for summary judgment be **DENIED**, that the Commissioner's motion for

summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

The Court further **RECOMMENDS** that Patrick M. Carmody, Jr. be referred to the (1) Chief Judge pursuant to Eastern District of Michigan Local Rule 83.22(c)(3) to determine whether disciplinary proceedings under Local Rule 83.22(e) should be instituted and (2) Michigan Attorney Grievance Commission for investigation.

Dated:   February 25, 2022          s/**Jonathan J.C. Grey**
                                    Jonathan J.C. Grey
                                    United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.